IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00244-GPG

LEROY W. BAKER, #82907,

    Plaintiff,

v.

RICK RAEMISCH, Director Dept. of Corrections,
JAMES FAULK, Warden Sterling Correctional Facility,
DARRYL R. PROFFIT, Reg. Coordinator,
LT. K. MEEK, Sterling Correctional Facility, Chaplain, and
ALL OTHER EMPLOYEES RESPONSIBLE FOR THE RELIGIOUS PROGRAMS IN
    DOC and STERLING CORRECTIONAL FACILITY,

    Defendants.

ORDER DISMISSING COMPLAINT IN PART AND
DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

**I. Background**

    Plaintiff Leroy W. Baker is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 (ADA); 29 U.S.C. § 794 (ADA); 42 U.S.C. 2000 (RLUIPA); 28 U.S.C. § 1346(b) (FTCA); and 42 U.S.C. § 1997 (CRIPA) Plaintiff also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that has been granted.

    In the Nature of the Case section and in Claim One of the Cause of Action section of the Complaint form, Plaintiff asserts that Defendants have denied him his right to practice "his religious way of life," in violation of the First, Fifth, Eighth, and Fourteenth Amendments, the Colorado Bill of Rights, and RLUIPA. *See* Compl., ECF

No. 1, at 4.  Plaintiff seeks injunctive relief and money damages.  In Claim Two, Plaintiff asserts DOC employees have violated DOC Administrative Regulation 1450-01.

## II. Analysis

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.

### i. Constitutional Claims/§ 1983

To state a deprivation of his constitutional rights Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by a named defendant in the alleged constitutional violation.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority

over individuals who actually committed a constitutional violation."). Furthermore, when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well. *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting Iqbal, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff has failed to assert what Defendants Raemisch, Faulk, and Proffit have done to violate his constitutional rights. Plaintiff also has asserted claims against individuals in the body of the Complaint form but has not named these individuals in the caption of the Complaint. Plaintiff, therefore, is directed to amend the Complaint and state how each named Defendant personally is responsible for violating his federal constitutional rights.

Also Plaintiff's request to utilize the Englewood, Colorado, Federal Detention Center' library lacks merit. Plaintiff does not have a *per se* right to a prison library. *See Casey v. Lewis*, 518 U.S. 343 (1996) (attempting to state a denial of court access, due to being denied access to the library, a plaintiff must plead he actually was impeded in his ability to conduct a particular case to state a violation of his rights).

### ii. RLUIPA

Plaintiff's remedy under RLUIPA is limited to injunctive relief against the Defendants sued in their official capacities. See 42 U.S.C. § 2000cc–2(a) (providing a cause of action against a "government"); § 2000cc–5(4)(A)(i)-(iii) (defining "government," in relevant part, as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law."). "[T]here is no cause of action under RLUIPA for individual-capacity claims." *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012). Plaintiff is directed to amend his RLUIPA claim accordingly.

### iii. ADA

None of Plaintiff's claims assert a violation of 42 U.S.C. § 12101 and 29 U.S.C. § 794.

### iv. FTCA

Also, Plaintiff does not assert a claim pursuant to the Federal Tort Claims Act. Plaintiff's reliance on the Federal Tort Claims Act (FTCA) as jurisdiction for his claims is misplaced. None of the named defendants are federal employees. 28 U.S.C. § 2679(b)(1) (The FTCA remedy against the United States is exclusively for torts committed by federal employees action within the scope of their employment.)

### v. Administration Regulation Violation

A failure to comply with AR 1450-01, alone, does not state a violation of Plaintiff's constitutional rights. In *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional

violation." AR 1450-01 pertains to the ethical conduct of DOC employees. Nothing in AR 1450-01 pertains to the DOC employee's compliance with the U.S. Constitution. DOC employees' failure to comply with AR 1450-01, therefore, does not violate Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, or state a claim under any other federal statute that he has identified as the basis for jurisdiction for his claims. Claim Two, therefore, will be dismissed as legally frivolous.

### III. Conclusion

Accordingly, it is

ORDERED that Claim Two is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Plaintiff shall have thirty days from the date of this Order to file an Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will dismiss this action without further notice.

DATED at Denver, Colorado, this __20th__ day of ____March____, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court