IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00244-GPG

LEROY W. BAKER, #82907,

    Plaintiff,

v.

RICK RAEMISCH, Director Dept. of Corrections,
JAMES FAULK, Warden Sterling Correctional Facility,
DARRYL R. PROFFIT, Reg.  Coordinator,
LT. K. MEEK, Sterling Correctional Facility, Chaplain, and
ALL OTHER EMPLOYEES RESPONSIBLE FOR THE RELIGIOUS PROGRAMS IN DOC and STERLING CORRECTIONAL FACILITY,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

    Plaintiff Leroy Walter Baker is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101 (ADA); 29 U.S.C. § 794 (ADA); 42 U.S.C. 2000 (RLUIPA); 28 U.S.C. § 1346(b) (FTCA).  Plaintiff also asserts jurisdiction in this case under 42 U.S.C. § 1997 (CRIPA).  Pursuant to 42 U.S.C. § 1997a(c)) Plaintiff does not have a private cause of action under § 1997.

    On March 20, 2015, the Court entered an order that dismissed Claim Two as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Court also found that Plaintiff's reliance on the Federal Tort Claims Act as jurisdiction for his claims is

misplaced because named defendants are not federal employees, and that Plaintiff had failed to state a claim under 42 U.S.C. § 12101 and 29 U.S.C. § 794.  Plaintiff further was directed to amend his RLUIPA claim because "there is no cause of action under RLUIPA for individual-capacity claims."  *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012).  Plaintiff also was told, in response to his request that he be allowed to use the prison library at the Federal Detention Center in Englewood, Colorado, that he does not have a constitutional right, *per se*, to access a prison law library.

Finally, Plaintiff was directed that if he desires to state a violation of his constitutional rights by named Defendants he must assert how each one participated in violating his rights.  Plaintiff, therefore, was directed to file an Amended Complaint that states how each named Defendant personally participated in violating his constitutional rights.  The Court warned Plaintiff that if he failed to comply with the Order to Amend within the time allowed the Court would dismiss the action without further notice.

Plaintiff now has failed to comply with the March 20, 2015 Order within the time allowed.  The Court, therefore, will dismiss the action for failure to comply with a Court order and to prosecute as to Defendants Rick Raemisch, James Faulk, and Darryl R. Proffit.  With respect to Defendant Lt. K. Meek and Plaintiff's claim that Defendant Meek denied him the ability to attend Muslim services and to fast during Ramadan, as stated in the Nature of the Case and Parties sections of the Complaint form, the case will be drawn to a presiding judge and when applicable to a magistrate judge.  Accordingly, it is

ORDERED that Defendants Rick Raemisch, James Faulk, and Darryl R. Proffit are dismissed from the action without prejudice.  It is

FURTHER ORDERED that the claims, as identified above, asserted against Defendant Lt. K. Meek shall be drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this  29th  day of    April           , 2015.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court