# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-0244-RBJ-NYW

LEROY W. BAKER,

    Plaintiff,

v.

LT. K. MEEK,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Defendant Meek's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1)" (the "Motion"). [#15, filed July 7, 2015]. The matter was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B); the Order Referring Case dated May 4, 2015 [#9] and the memorandum dated July 7, 2015. [#16]. This court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised as to the issues presented. For the reasons stated below, this court respectfully RECOMMENDS that the Motion be GRANTED.

### PROCEDURAL HISTORY

    Plaintiff Leroy Baker is a *pro se* prisoner in the custody of the Colorado Department of Corrections ("CDOC"). He initiated this action on February 4, 2015, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12101, 29 U.S.C. § 794, 42 U.S.C. 2000, 28 U.S.C. § 1346(b), and 42 U.S.C. § 1997 as to Rick Raemisch, James Faulk, Darryl R. Proffit,

Defendant "Lt.K.Meek," ("Defendant" or "Defendant Meek") and "all other employees responsible for the religious programs in DOC and Sterling Correctional Facility." *See* [#1]. Plaintiff asserted in his First Claim for Relief that Defendants denied him his right to practice "his religious way of life," in violation of the First, Fifth, Eighth, and Fourteenth Amendments, the Colorado Bill of Rights, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*. [*Id.* at 4]. Plaintiff asserted in his Second Claim for Relief that CDOC employees have violated CDOC Administrative Regulation 1450-01. [*Id.* at 8]. Mr. Baker also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on February 4, 2015. [#2, #4]. Plaintiff seeks injunctive relief and unspecified monetary damages. [*Id.* at 10].

Section 1915 and the Local Rules of this District require a court to evaluate a prisoner complaint and dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); D.C.COLO.LCivR 8.1(b). On March 20, 2015, the Honorable Lewis T. Babcock ordered Plaintiff to file an amended complaint specifying how Raemisch, Faulk, and Proffit were personally responsible for violating his constitutional rights and identifying the unnamed individuals whom Plaintiff asserts in the Complaint are responsible for various constitutional violations. [#5 at 3]. The court further explained that Plaintiff does not have a *per se* right to a prison library, has no cause of action under RLUIPA for individual-capacity claims, and cannot sustain a constitutional claim based solely on Defendants' failure to comply with AR 1450-01. [*Id.* at 3-4]. The court directed Mr. Baker to amend his RLUIPA claim accordingly, *i.e.*, assert it against particular Defendants in their official capacity. [*Id.*] Finally, the court found that none of Plaintiff's claims asserted a violation of 42 U.S.C. § 12101, 29 U.S.C. § 794, or the Federal

Tort Claims Act. [*Id.*at 4]. The court dismissed Plaintiff's Second Claim as legally frivolous, ordered Plaintiff to file an Amended Complaint within thirty days of the date of the Order, and warned that his failure to comply with the Order would result in dismissal of the action without further notice. [*Id.* at 5].

Mr. Baker failed to file an Amended Complaint as directed; and on April 29, 2015, Senior Judge Babcock dismissed Raemisch, Faulk, and Proffit from the action for Plaintiff's failure to comply with a court order and failure to prosecute. [#6]. He further ordered the case to be drawn to a presiding judge and when applicable to a magistrate judge as to Plaintiff's claim that "Defendant Meek denied him the ability to attend Muslim services and to fast during Ramadan, as stated in the Nature of the Case and Parties sections of the Complaint form." [*Id.* at 3]. The case was drawn to the Honorable R. Brooke Jackson and subsequently referred to the undersigned Magistrate Judge for pretrial purposes, including recommendations for rulings on dispositive motions. [#9]. Accordingly, the matter is before this court as to Plaintiff's claim that Defendant Meek violated his constitutional rights under the First, Fifth, and Fourteenth Amendments. [*Id.* at 3; #1 at 3]. Because Mr. Baker did not amend his Complaint to assert a claim under RLUIPA against any particular Defendant in his official capacity as directed by Senior Judge Babcock [#5 at 4], any official capacity RLUIPA claim is currently not before the court.

Defendant Meek is Chaplain of religious programs at Sterling Correctional Facility, where Plaintiff is incarcerated. [#1 at 3]. Plaintiff alleges that he was invited to "give a speech one week at the Moor Science Temple," and Defendant Meek "took [him] off the prayer service of the Sunni Friday (Jumma) service," and prohibited Plaintiff from attending the Islamic service for one year. [*Id.*] Plaintiff further alleges that Defendant Meek denied him his "religious and

due process right to fast in the month of Romadan with all Muslims [sic], and stood at the door of the temple each Friday to make sure [he] could not go in." [*Id.*]

Defendant Meek waived service on May 8, 2015. [#10]. On May 18, 2015, this court set a Status Conference to be held July 17, 2015. [#11]. On July 7, 2015, Defendant filed the instant Motion, along with an affidavit and three exhibits, seeking dismissal for failure to exhaust administrative remedies and failure to state a cognizable RLUIPA claim, invoking Rule 12(b)(1), Rule 12(b)(6), and Rule 56 of the Federal Rules of Civil Procedure. [*Id.*] Defendant argues that dismissal is proper pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction pursuant to the doctrine of mootness because Mr. Baker became eligible to re-affiliate with the Muslim faith as of November 27, 2014. [#15 at 2-4]. Defendant further contends that summary judgment in his favor is appropriate because Mr. Baker has failed to exhaust the administrative remedies prescribed under the Prison Litigation Reform Act ("PLRA"). [#15, #15-1 through #15-4]. Finally, Defendant argues that Mr. Baker has failed to state a cognizable claim pursuant to Rule 12(b)(6) for a violation of RLUIPA.[1]

Neither Mr. Baker nor his Case Manager contacted the court at the appointed time for the Status Conference; the undersigned proceeded with the Status Conference and stayed discovery pending the outcome of the Motion. [#19]. On July 31, 2015, Plaintiff filed a Response to the Motion ("Opposition") representing that his Case Manager "refused to make the call" and that "Lt. Frank refused to let me send my legal mail out to this court." [#20]. Defendant filed a Reply on August 17, 2015. [#21].

---

[1] For the reasons set forth above, in the context of the Orders from Senior Judge Babcock and Plaintiff's subsequent failure to amend his Complaint [#5, #6], this court does not pass on Defendant's arguments regarding RLUIPA because such claim is not properly before this court. Nevertheless, even if the court were to accept a RLUIPA claim as part of this action, the analysis

4

In light of Defendant's arguments regarding mootness and administrative exhaustion and the proffered affidavit and exhibits, by Order dated November 23, 2015, this court specifically notified Plaintiff that Defendant had moved for summary judgment in the alternative, and had attached papers outside of the pleadings for the court to consider. [#22]. This court also expressly informed Plaintiff that it might convert[2] the Motion to one for summary judgment; and therefore ordered Plaintiff, to the extent he "ha[d] any evidentiary support for his position regarding the issue of whether he has exhausted his administrative remedies," to file supplemental briefing on or before December 14, 2015. [*Id.*] To date, Plaintiff has not filed supplemental briefing or evidentiary support.

## STANDARD OF REVIEW

Because Defendant moved for dismissal pursuant to Rules 12(b)(1) and (12(b)(6), or for summary judgment in the alternative, this court must first decide how to treat the Motion. Defendant attached to his Motion a sworn affidavit and several exhibits in support of his argument regarding Plaintiff's failure to exhaust administrative remedies. *See* [#15]. While it is clear that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court, failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, the appropriate vehicle for raising the argument is a motion for summary judgment, rather than a motion to dismiss under either Rule 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a cognizable claim, *Jones*, 549 U.S. at 216-17.

---

regarding exhaustion of administrative claims would apply equally, and such RLUIPA claim would be barred for failure to exhaust administrative remedies.

[2] The court should have simply stated that it might consider the Motion one for summary judgment, rather than using the "conversion" terminology, as Defendant did not move for

This court notified Plaintiff that it would consider Defendant's Motion as one for summary judgment, and solicited additional briefing from Plaintiff as to the administrative exhaustion issue. *See* [#22]. Accordingly, Plaintiff has received the notice to which he is entitled prior to a court considering a motion as one for summary judgment under Rule 56 (*see* Fed. R. Civ. P. 12(d), 56(f); *see also Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995)), when the motion is also postured as one for dismissal. This court recommends treating the Motion as a motion for summary judgment, and proceeds with its exhaustion analysis accordingly.[3]

### I.   Fed. R. Civ. P. 12(b)(1)

Pursuant to Rule 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974). While Defendant does not expressly raise subject matter jurisdiction with respect to Eleventh Amendment immunity, this court touches on it briefly for the purposes of completeness and in recognition that the court has an independent obligation to satisfy itself that subject matter

---

dismissal pursuant to Rule 12(b)(1) or Rule 12(b)(6) for failure to exhaust administrative remedies.

[3] In addition, where a party makes a factual attack on subject matter jurisdiction, as Defendant does with respect to mootness, the court may consider documents outside the four corners of the Complaint and is not required to accept the factual allegations as set forth in the Complaint as true. *See Ingram v. Faruque*, 728 F.3d 1239, 1242 (10th Cir. 2013). Because the court

jurisdiction exists. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

**II.     Fed. R. Civ. P. 56**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

In reviewing a motion for summary judgment the court views all evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett-Packard Co.,* 305 F.3d 1210,

---

recommends summary judgment on the ground that Plaintiff has failed to exhaust his

1213 (10th Cir. 2002). However, this standard does not require the court to make unreasonable inferences in favor of the non-moving party. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Starr v. Downs*, 117 Fed. App'x. 64, 69 (10th Cir. 2004)). The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. *Hulsey v. Kmart, Inc.,* 43 F.3d 555, 557 (10th Cir. 1994) (citation omitted). The court may not enter summary judgment unless the moving party carries his or her burden under Rule 56 of the Federal Rules of Civil Procedure. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

When the affirmative defense of failure to exhaust administrative remedies is asserted in a Motion for Summary Judgment, Defendants "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant[s] meet[] this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant[s] [are] then entitled to summary judgment as a matter of law." *Id.*

Because Mr. Baker is appearing *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). Mr. Baker is entitled to the same liberal construction of his pleadings under the Rule 56 standard as under Rule 12(b)(6). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) ("The *Haines* rule applies to all proceedings involving a *pro se* litigant, including … summary judgment proceedings.") (citations omitted). However, the court cannot be a *pro se* litigant's

---

administrative remedies, the court does not reach the mootness analysis.

advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  *See also Anderson*, 477 U.S. at 256 (The nonmovant "may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.").

## ANALYSIS

### I. Eleventh Amendment Immunity

While it appears that Plaintiff has sued Defendant Meek in his individual capacity, to the extent that Defendant Meek is sued in his official capacity, he is immune from claims for monetary damages and retroactive equitable relief.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72, (1985)).  The Eleventh Amendment bars suits against a state by its own citizens, and generally immunizes state defendants sued in their official capacities from liability for damages or equitable relief.  *See Johns v. Stuart*, 57 F.3d 1544, 1552 (10th Cir. 1995).  In addition, state employees acting in their official capacities are not "persons" subject to suit under § 1983.  *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).  An exception to this general bar is a suit in which a plaintiff seeks to prospectively enjoin a state official from violating federal law.  *Johns*, 57 F.3d at 1552.

Accordingly, Plaintiff cannot pursue a § 1983 claim for damages against Defendant Meek sued in his official capacity.  I further find that Plaintiff is not entitled to pursue any claim against Defendant Meek, in either his individual or official capacity, due to his failure to exhaust his administrative remedies, as addressed in more detail below.

**II.      Exhaustion of Administrative Remedies**

Title 42 U.S.C. § 1983 allows an injured person to seek redress for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 48 (1988).  However, the PLRA requires prisoners to exhaust administrative remedies before filing a civil rights action.  The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding that prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint).  Exhaustion of administrative remedies is mandatory and is intended to give correction officials an opportunity to address complaints internally before initiation of a federal lawsuit.  *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  Exhaustion is an affirmative defense, which necessitates that Defendants meet the burden of proving it by a preponderance of the evidence.  *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).  As noted above, if Defendant meets his initial burden of establishing that there is no genuine issue of material fact that Plaintiff has not exhausted his administrative remedies, then Mr. Baker must demonstrate with specificity the existence of a disputed fact. *Hutchinson*, 105 F.3d at 564. Failure to make such a showing will lead to the affirmative defense barring the action.  *Id.*

The CDOC provides a three-step prison grievance process through Administrative Regulation 850-04.  *See* [Affidavit of Marshall Griffith, #15-1 at ¶ 5].  *See also* CDOC Admin. Reg. No. 850–04 § IV(H)(1)(a-c). This system allows a prisoner to file a step 1 grievance within

30 calendar days from the date he knew of the facts giving rise to his grievance. CDOC Admin. Reg. No. 850–04 § IV(F)(1)(a). A response is due from the CDOC twenty-five days after receipt of the step 1 grievance. CDOC Admin. Reg. No. 850–04 § IV(F)(1)(b). Upon receiving a response, the prisoner has five days to submit a step 2 grievance. CDOC Admin. Reg. No. 850–04 § IV(F)(1)(d). CDOC again has twenty-five days to respond. With that response, the prisoner is allowed five days to file a step 3 grievance, to which CDOC may issue a final response within forty-five days. CDOC Admin. Reg. No. 850–04 § IV(F)(1)(c-d). [*See* #15-2 at 8].

Marshall Griffith, a CDOC Step 3 Grievance Officer, attests Mr. Baker filed only one grievance related to his inability to change his faith more than once annually. [#15-1 at ¶¶ 1, 14, 15]. Plaintiff received a response to that grievance on February 28, 2014, but failed to file a Step 2 or Step 3 grievance. [#15-1 at ¶¶ 15, 16; #15-1 at 23]. Mr. Griffith further attests that Mr. Baker never filed a grievance complaining that Defendant Meek "or any other Sterling Correctional Facility staff person prohibited him from participating in Ramadan or in fasting activities related to Ramadan." [#15-1 at ¶ 17]. The court has construed Plaintiff's Opposition to the Motion [#20] liberally, but finds that general allegations that he is not receiving legal mail [#20] does not suffice to create a genuine issue of material fact. In addition, to the extent that Plaintiff argues that exhaustion of administrative remedies is not required [#20 at 4, 8], this court respectfully disagrees. Furthermore, Plaintiff did not file a supplemental brief addressing whether he has exhausted his administrative remedies with regard to his remaining claim against Defendant Meek or submit any evidentiary support for the proposition that he exhausted his administrative remedies, even after the court specifically identified the issue in its November 23 Order. [#22].

11

Accordingly, I find that Plaintiff failed to exhaust the available administrative remedies as to Defendant Meek on any claim. As a result of this finding, I decline to reach the additional arguments asserted by Defendant in his Motion, including but not limited to mootness.

## CONCLUSION

For the forgoing reasons, this court respectfully **RECOMMENDS** that:

1. The Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or Alternatively, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(1) [#15] be **CONSIDERED** as a Motion for Summary Judgment and be **GRANTED**; and

2. This action be **DISMISSED** in its entirety without prejudice, pursuant to the direction of *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).[4]

---

[4] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

13

DATED: December 31, 2015                              BY THE COURT:

                                                                           s/Nina Y. Wang
                                                                           United States Magistrate Judge